UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE B. HICKMAN,

Petitioner,

v.

COUNTY OF BUTTE, et al.,

Respondents.

No. 2:13-cv-0837 TLN CKD P

ORDER

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. Examination of the request to proceed in forma pauperis reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Under Rule 4 of the Rules Governing § 2254 Cases, the court must conduct a preliminary review of § 2254 habeas petitions and dismiss any petition where it plainly appears that petitioner is not entitled to relief. The court has conducted that review.

Petitioner was civilly committed in proceedings occurring in Butte County. He currently resides at the Napa State Hospital. Petitioner appears to challenge his commitment and the fact that he is being forced to take psychotropic medication.

Any challenge to the administration of psychotropic medication should be filed in a 42 U.S.C. § 1983 action, not as a petition for habeas corpus. Habeas corpus petitions challenge the

1

fact or duration of a petitioner's imprisonment.  See 28 U.S.C. § 2254(a).  Furthermore, this court would not be a proper venue for a challenge to the administration of psychotropic medication at Napa State Hospital as Napa State Hospital lies within the jurisdiction of the United States District Court for the Northern District of California.   Therefore, if petitioner wishes to challenge the fact that he is being forced to take psychotropic medication, he should initiate a 1983 action in the Northern District.

As for whether petitioner is properly in custody, petitioner fails to make any coherent allegation that he is not.  Good cause appearing, the court will grant petitioner leave to file an amended petition which only concerns his Butte County commitment proceedings or any follow up proceedings related to petitioner's custodial status.   Petitioner is informed that a petition for writ of habeas corpus under 28 U.S.C. § 2254 can only be granted for violations of federal and not California law.

Petitioner has requested the appointment of counsel.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. Petitioner's application for writ of habeas corpus is dismissed with leave to file an amended petition which is consistent with this order within thirty days;

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition";

/////

/////

/////

/////

      4. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

      5. Petitioner's request for the appointment of counsel (ECF No. 5) is denied.

Dated: May 30, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
hick0837.114